IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT
AT HARRISONBURG, VA
FILED
APR 01 2024
LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| Samuel A. Lyons, | * Civil Action No. 5:24cv20 |
| Plaintiff, Pro-Se | * |
| v. | * |
| U. S. Magistrate Judge Joel C. Hoppe, | * Jury Trial Demanded |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR VIOLATIONS OF 42 USC AND THE FIFTH AND FOURTEENTH AMENDMENTS, AND THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.**

### PARTIES AND JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S. Constitution §1331, based on there being a federal question relating to 42 USC §1983.

2. Plaintiff, Samuel A. Lyons, is and at all times relevant to this complaint, has been a resident of Rockingham County, Virginia, residing at 293 Lincoln Count, Timberville, Virginia, 22853, phone number 540-758-0006.

3.  Defendant, U.S. Magistrate Judge Joel C. Hoppe, is a U.S. Magistrate Judge assigned to the United States District Court, Western Division, Harrisonburg, Virginia, phone 540-434-3181. (Home address not listed due to security concerns.)

## BACKGROUND

4.  This case arises out of a Workers' Compensation case which occurred in Maryland on February 8, 2011, and has been litigated through the Maryland Workers' Compensation Commission and Maryland Courts continually, until a final conclusion was reached on November 20, 2020, where Maryland's highest court denied a Writ of Cert. For a more comprehensive background, see **Exhibit 1**, Plaintiff's First Amended Complaint, filed April 11, 2022. At all times during the litigation of this case before the Maryland Courts, the rule of law and the tolling statute was dictated by **Maryland Code, Labor and Employment §9-736** *(a) If aggravation, diminution, or termination takes place or is discovered after the rate of compensation is set or compensation is terminated, the Commission, on the application of any party in interest or on its own, may: (1) Readjust for future application the rate of compensation. (3) Excepts as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the latter of: (iii) the last compensation payment.* The Plaintiff filed for reopening of his claim on June 15, 2015, **Exhibit 3**.

5.  After the Maryland Court's denials, the Plaintiff, being a resident of Virginia, moved the Maryland State case to the United States District Court for the Western District of Virginia,

Harrisonburg Division on February 12, 2021, as per **Virginia Code 8.01-243** allowed a 2-year statute of limitations, and an additional 120-day extension was granted on tolling due to the COVID pandemic. The Defendants filed a **FRCP 12(b)(6)** motion asserting that the statute of limitations had expired under **Maryland Courts and Judicial Procedures 5-101**, and **Virginia Code 8.01-243**. However, this is incorrect, as the statute of limitations argument had not been invoked until the Plaintiff filed a complaint in Virginia on February 12, 2021. The statute of limitations argument is incorrect in its calculations, as any time a case is pending in the Court system is not included. On July 7, 2022, this Court issued a Memorandum and Opinion, and Order dismissing Defendant Ileen M. Ticer Green without prejudice under **FRCP 12(b)(2)** and dismissed Defendant PMA with prejudice under FRCP **12(b)(6)**, **Exhibit 2.**

## ARGUMENT

6. The Plaintiff asserts that the US District Court for the Western District of Virginia erred in accepting and litigating the Plaintiff's Maryland State claim, **Exhibit 1**, which arises out of a Maryland Workers' Compensation case. As per **28 USC §1445 (c)** *A civil action in any State court arising out the Workers' Compensation laws of such State may not be removed to any district court of the United States,* therefore, this Court has no subject matter jurisdiction over the case. The Court lacked personal jurisdiction over one of the Defendants, **FRCP 12(b)(2)**, and the Court lacked federal question jurisdiction, **28 USC 1331**, in addition to the Court's lack of proper venue, **28 USC 1391.**

## **CONCLUSION AND MOTION**

7.  Based upon the aforementioned facts, the Plaintiff hereby requests this Court to grant injunctive relief by vacating its previous Order without prejudice, dated July 7, 2022, as it is a violation of the Plaintiff's **5th Amendment and 14th Amendment** rights under the **United States Constitution,** as well as a violation of the due process of law doctrine.

Respectfully submitted,

*Samuel A. Lyons*

Samuel A. Lyons
293 Lincoln Court
Timberville, VA 22853
540-758-0006
lyonsdriver@yahoo.com