**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION
CIVIL CASE NO. 5:24-cv-00020-MKR**

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 04, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

| | |
|---|---|
| SAMUEL A. LYONS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **U.S. MAGISTRATE JUDGE JOEL C. HOPPE,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM OF
DECISION AND ORDER**

THIS MATTER is before the Court[1] on initial review of the Plaintiff's Complaint [Doc. 1].

## I.   BACKGROUND

*Pro se* Plaintiff Samuel A. Lyons ("Plaintiff") filed this action on April 1, 2024, against Defendant U.S. Magistrate Judge Joel C. Hoppe ("Defendant"). [Doc. 1]. The Plaintiff claims that Judge Hoppe violated his Fifth and Fourteenth Amendment rights under the U.S. Constitution by issuing judgment against him without having jurisdiction. [Id.]. The Plaintiff therefore brings a challenge to a previous order of Judge Hoppe dismissing

---

[1] The undersigned was designated by the Chief Judge of the Fourth Circuit Court of Appeals to hold a district court in the Western District of Virginia for such time needed to resolve this matter. [Doc. 5].

a separate case previously brought by the Plaintiff. Lyons v. Ticer Greene, No. 5:21-CV-00010, 2022 WL 2532460, at *13 (W.D. Va. July 7, 2022). Judge Hoppe dismissed this prior action on the grounds that the Court lacked personal jurisdiction over one Defendant, and the claim against the other Defendant was time-barred. Id. The Plaintiff now asks the Court to vacate its previous Order because it lacked subject matter jurisdiction over the case. [Doc. 1]. The Plaintiff also moved to vacate judgment in Case No. No. 5:21-CV-00010, and that motion remains pending. Pro Se Notice of Judicial Errors and Motion to Vacate Judgment, Lyons v. Ticer Greene, No. 5:21-CV-00010 (W.D. Va. Mar. 11, 2024), ECF No. 38.

## II.  STANDARD OF REVIEW,

Because the Plaintiff, who is proceeding pro se, seeks to proceed in forma pauperis, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following

guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination.  It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally.  Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

<u>White v. White</u>, 886 F.2d 721, 722-23 (4th Cir. 1989).  While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios."  <u>Neitzke</u>, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2).  A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell</u>

Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## III.   DISCUSSION

The Plaintiff names as the Defendant Magistrate Judge Joel C. Hoppe. [Doc. 1].   Judges are immune from suit under the doctrine of judicial immunity.   See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).

Accordingly, the Plaintiff's claim against Judge Hoppe is barred by judicial immunity and is therefore dismissed with prejudice.   See, e.g., Galloway v. Davis, No. 23-1386, 2023 WL 4105708 (4th Cir. June 21, 2023) (affirming dismissal with prejudice of a Bivens action under § 1915(e)(2) as barred by judicial immunity); Mills v. Marchant, No. 8:19-cv-1512-TMC-JDA, 2019 WL 2647600, at *2-3 (D.S.C. June 4, 2019), adopted, 2019 WL

2644216 (D.S.C. June 27, 2019) (noting that dismissal with prejudice is proper under 28 U.S.C. § 1915 where claims against a judge are barred by the doctrine of judicial immunity and therefore frivolous).

## IV.   CONCLUSION

Because the only Defendant in this action is entitled to absolute immunity, the Plaintiff's claim will be dismissed with prejudice.  Should the Plaintiff wish to challenge a prior order of this Court, he should do so through the appropriate procedural avenues.

## ORDER

**IT IS THEREFORE ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Entered: June 4, 2024

**MARTIN REIDINGER**
**CHIEF UNITED STATES DISTRICT JUDGE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**Sitting by Designation**